UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MASSIE L. SCOTT,

        Plaintiff,

v.

ROCHESTER GAS & ELECTRIC,

        Defendant.

---

**DECISION AND ORDER**

6:17-CV-06476 EAW

## **INTRODUCTION**

Plaintiff Massie L. Scott ("Plaintiff") asserts various claims against Defendant Rochester Gas & Electric ("Defendant") arising out of his employment relationship. (Dkt. 1 at ¶¶ 3-6). Plaintiff alleges Defendant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the New York State Human Rights Law, Executive Law § 290 *et. seq.* ("NYSHRL"). (*Id.* at ¶¶ 23-28).

Presently before the Court are Defendant's motion to dismiss Plaintiff's claims as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 3) and Plaintiff's request for sanctions (Dkt. 12). For the reasons set forth below, Defendant's motion to dismiss and Plaintiff's request for sanctions are both denied.

# BACKGROUND

The following facts are taken from the complaint and from documents integral thereto[1]—namely, the parties' submissions regarding the timeliness of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge. As required on a motion to dismiss, the Court treats Plaintiff's factual allegations as true.

## I. Factual History

Plaintiff has worked for Defendant's Field Collections Department since June 2009. (Dkt. 1 at ¶ 7). On March 16, 2015, Plaintiff began an apprentice program for a position in the Line Department. (*Id.* at ¶¶ 7-8). All the foremen supervising Plaintiff during his apprenticeship were Caucasian. (*Id.* at ¶ 9). One of these supervisors informed Plaintiff and his co-workers that "blacks" are not allowed as lineman and made it clear Plaintiff would not pass the apprentice program. (*Id.* at ¶ 10). The foremen spoke derogatorily about and to Plaintiff, excluded him from activities, and refused to supervise him when he worked on dangerous equipment. (*Id.* at ¶¶ 13, 15-16). Plaintiff and another minority coworker complained to Department Supervisor Mary Jo Klemmer on various occasions about this behavior, but she never took remedial action. (*Id.* at ¶¶ 11-12).

---

[1] As discussed later in this Decision and Order, on a motion to dismiss, the Court may consider a document with terms and effects that the complaint relies heavily on, and which make the document integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Here, the complaint relies heavily on the documents Plaintiff filed with the EEOC to support Plaintiff's assertion that his charge was timely filed. (*See* Dkt. 1 at ¶ 22). Therefore, the documents relevant to the timeliness of the charge are integral to the complaint, and the Court considers them for purposes of this motion.

Despite this treatment, Plaintiff's work was rated above-average throughout the course of the apprenticeship. (*Id.* at ¶ 17). Defendant's regional operations director informed Plaintiff that he had advanced in the apprenticeship program. (*Id.* at ¶ 18). However, on September 11, 2015, two nights before Plaintiff was scheduled to begin his next assignment, Klemmer informed Plaintiff that he was being removed from the program because the supervising foremen had instructed her to do so. (*Id.* at ¶ 19). Plaintiff was terminated from the program and removed to his previous position at the collections department. (*Id.* at ¶ 20). Plaintiff contends that his termination from the apprenticeship program was based on unlawful racial animus. (*Id.* at ¶ 24).

## II. <u>Procedural History</u>

Plaintiff alleges that he filed charges of discrimination against Defendant with the EEOC and the New York State Division of Human Rights ("NYSDHR"). (*Id.* at ¶ 22). On April 6, 2016, the EEOC received an intake questionnaire form ("Questionnaire") submitted by Plaintiff. (Dkt. 11 at 11-19, 25-29). The Questionnaire asks the applicant to provide certain information, such as the applicant's name, the name of the offending organization, what happened to the applicant, and why the applicant thought the action was discriminatory. (*Id.* at 5-6). The Questionnaire also asks the applicant to check a box indicating what the applicant would like the EEOC to do with the information. (*Id.* at 8). Box 1 states, "I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**" (*Id.*). Box 2 reads, "I want to file a charge of discrimination, and I authorize the EEOC to look into the

discrimination I described above. I understand that **the EEOC must give the employer ... that I accuse of discrimination information about the charge, including my name.**" (*Id.*). In Plaintiff's submission to the EEOC, he named Defendant as the offending organization, he detailed his experience during Defendant's apprentice program, and he checked Box 2. (Dkt. 11 at 11-19).

On September 8, 2016, the EEOC filed a form titled "Charge of Discrimination" that Plaintiff had filled out and submitted to it. (Dkt. 3-3 at 7-8). On that form, Plaintiff signed a line indicating he wanted the charge filed with the "EEOC and the State or local agency . . . ." (*Id.* at 7). Defendant was notified of the charge on November 29, 2016. (*Id.* at 2-4). On April 21, 2017, the EEOC issued a dismissal and notice of rights to Plaintiff. (Dkt. 3-4 at 3).

Plaintiff commenced this action on July 17, 2017. (Dkt. 1). Defendant filed the instant motion to dismiss on September 21, 2017. (Dkt. 3). On October 27, 2017, Plaintiff filed a memorandum in opposition to the motion and in support of his request for sanctions. (Dkt. 12). Defendant replied in support of the motion to dismiss on October 31, 2017. (Dkt. 14).

## DISCUSSION

### I. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). However, "[e]ven where a document is not incorporated by reference, the court

may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement . . . . A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." (internal quotation marks and citations omitted)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to

raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and alteration omitted).

## II. <u>Plaintiff's EEOC Charge</u>

### A. <u>The Parties' Positions</u>

Defendant argues Plaintiff did not file a timely charge with the EEOC, and that his claims are consequently time-barred and should be dismissed. (Dkt. 3-4 at 3). Defendant asserts the controlling period for filing a claim with the EEOC in this case was 180 days because "there is no evidence that the Plaintiff filed a charge with any local or state agency." (*Id.*). Defendant further asserts that the only charge filed by Plaintiff in this case was the Charge of Discrimination the EEOC received from Plaintiff on September 8, 2016, and that because the alleged discrimination occurred on September 11, 2015, Plaintiff's charge was not timely filed and his complaint should be dismissed. (Dkt. 3-4 at 4).[2]

Plaintiff opposes the motion to dismiss, contending that he filed his EEOC charge in a timely fashion. (Dkt. 12 at 8-13). Plaintiff argues a 300-day filing period applies in this case and therefore the last day to file his charge with the EEOC was on July 7, 2016. (*Id.* at 9-11). Plaintiff further contends the Questionnaire he submitted to the EEOC on April 5, 2016 (well before the 300-day limitation period), qualifies as a charge, and therefore his charge was timely filed and his claim should be allowed to proceed. (*Id.* at 11, 15-16).

---

[2] Assuming a 180-day deadline applied, Plaintiff would have been required to file his charge on or before March 9, 2016.

## B. Whether the 180-Day or 300-Day Limitations Period Applies to Plaintiff's Charge

Title VII prohibits discriminatory employment practices by an employer. 42 U.S.C. § 2000e-2(a). As a precondition to bringing a Title VII suit against a defendant in federal court, a plaintiff must file a charge of employment discrimination against the defendant with the EEOC or an authorized state agency. *See* 42 U.S.C. § 2000e-5; *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 613 (2d Cir. 1999) ("A Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC . . . .").

Title VII implements a deadline of 180-days from the date of the alleged event for a claimant to file a charge of unlawful employment practice with the EEOC. 42 U.S.C. § 2000e-5(e)(1). This deadline is extended to 300 days when the aggrieved person "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . ." *Id.*; *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). These state or local agencies are also referred to as deferral-state agencies, and the NYSDHR is such an agency. *Torrico v. Int'l Bus. Machs. Corp.*, 319 F. Supp. 2d 390, 402 (S.D.N.Y. 2004).

When the EEOC enters into a workshare agreement with a deferral-state agency where "each designates the other as agent for purposes of receiving charges," any administrative charges filed are subject to the 300-day limitations period, even if they were initially filed with the EEOC. *Torrico*, 319 F. Supp. 2d at 402-03. This stems from an EEOC regulation regarding deferral-state agencies and providing that, "[c]harges received

by one agency under [a worksharing] agreement shall be deemed received by the other agency for purposes of [the timeliness of the charge]." 29 C.F.R. § 1626.10(c). The EEOC's interpretation of Title VII and its terms is afforded great deference. *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 309 (2d Cir. 1996); *see EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 115 (1988). Accordingly, courts in the Second Circuit have upheld this regulation as it applies to the workshare agreement between the EEOC and NYSDHR regarding Title VII claims. *See, e.g., Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) ("[A] Title VII plaintiff generally must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred." (internal quotation omitted)); *Ford*, 81 F.3d at 310 ("[I]f the alleged discrimination took place in a state or locality that has its own antidiscrimination laws and an agency to enforce those laws, then the time period for filing claims with the EEOC is extended to 300 days." (internal quotation omitted)); *EEOC v. Rotary Corp.*, 297 F. Supp. 2d 643, 653 (N.D.N.Y. 2003) ("The Second Circuit . . . has held, 'however paradoxical it may seem,' that a plaintiff who originally files with the EEOC is nonetheless deemed to have 'initially instituted' state proceedings with the [NYSDHR], thereby gaining entitlement to the extended 300-day filing period." (quoting *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999))); *Torrico*, 319 F. Supp. 2d at 403 ("One agency's receipt of a charge *automatically* initiates proceedings in both agencies for purposes of the timeliness of the charges.").

Here, Plaintiff had a 300-day filing period within which to submit his charge to the EEOC. The discriminatory behavior alleged by Plaintiff took place in New York, which

is within the jurisdiction of the NYSDHR. (Dkt. 1 at ¶ 2); *see* N.Y. State Human Rights Law, Executive Law § 295. The EEOC has a workshare agreement with the NYSDHR, a deferral-state agency. *Torrico*, 319 F. Supp. 2d at 402. As previously noted, courts in this Circuit have found that when the EEOC has a workshare agreement with a deferral-state agency, the 300-day deadline applies to charges filed with either the EEOC or the state agency. *Duplan*, 888 F.3d at 621; *Torrico*, 319 F. Supp. 2d at 402-03; *Rotary Corp.*, 297 F. Supp. 2d at 653. Pursuant to this well-established authority, Plaintiff had 300 days to file his charge with the EEOC.

Defendant's arguments for the applicability of the 180-day time limit are wholly lacking in merit. In both of the cases relied upon by Defendant, the Second Circuit did not reach the issue of which limitations period was relevant because the parties agreed that the 300-day period applied. *See Van Zant*, 80 F.3d at 712 n.1 ("[S]ince the parties agree that the 300-day period applies in this case, we will accept this as a stipulated fact."); *Sanderson v. N.Y. State Elec. & Gas Corp.*, 560 Fed. Appx. 88, 91 n.3 (2d Cir. 2014) ("The parties do not question the district court's conclusion that [the plaintiff] had 300 days from the alleged discriminatory action within which to file a charge of discrimination with the EEOC."). Defendant's arguments also do not consider the workshare agreement between the EEOC and the NYSDHR or the caselaw surrounding this agreement that addresses the issue of the timeliness of the charges. Consequently, and for the other reasons stated above, the Court finds the 300-day limitations period applies in this case, not the 180-day limitations period, and that the last day Plaintiff could have filed his charge was July 7, 2016.

## C. Whether the Questionnaire Is Considered a "Charge"

The Court now addresses whether the Questionnaire submitted by Plaintiff to the EEOC qualifies as a charge. On April 6, 2016, the EEOC received a Questionnaire submitted by Plaintiff, (Dkt. 11 at 11-19, 25-29), and on September 8, 2016, the EEOC filed a form titled "Charge of Discrimination" also submitted by Plaintiff, (Dkt. 3-4 at 3). Because the last day for Plaintiff to file a charge was July 7, 2016, whether Plaintiff's claim was timely filed hinges on whether the Questionnaire can be deemed a charge.

The Supreme Court has held that in order for a filing with the EEOC to be considered a charge, it must include the information required in the EEOC's regulations, *i.e.* the allegation and the charged party's name, and "it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *see* 29 C.F.R. § 1626.6 ("A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s).").[3]

"[C]ourts commonly hold that 'checking Box 2 on the current form of the EEOC's Intake Questionnaire, which authorizes the EEOC 'to look into the discrimination'

---

[3] Although the *Holowecki* case addressed the filing provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA"), "the filing provisions of the ADEA and Title VII are 'virtually *in haec verba*,' the former having been patterned after the latter." *Commercial Office Prods. Co.*, 486 U.S. at 123-24 (quoting *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755 (1979)); *see also Price v. City of New York*, 797 F. Supp. 2d 219, 225-26 (E.D.N.Y. 2011) (collecting cases applying *Holowecki* to Title VII claims).

described in the form and describing that discrimination in detail in the Questionnaire . . . qualifies as a charge with the EEOC for timeliness purposes." *Miller v. St. Luke's Roosevelt Hosp. Ctr.*, No. 15 Civ. 7019(VEC)(GWG), 2016 WL 1275066, at *5 (S.D.N.Y. Apr. 1, 2016) (quoting *Acheampong v. N.Y.C. Health and Hosps. Corp.*, No. 11CV9205-LTS-SN, 2015 WL 1333242, at *7 (S.D.N.Y. Mar. 25, 2015)); *see, e.g., Brown v. City of New York*, No. 11 Civ. 2915(PAE), 2013 WL 3789091, at *89 (S.D.N.Y. July 19, 2013) (holding the plaintiff's intake questionnaire qualified as a charge because the plaintiff checked Box 2 on the intake form and included an affidavit detailing the alleged discriminatory acts); *Lugo-Young v. Courier Network, Inc.*, No. 10-CV-3197, 2012 WL 847381, at *6 (E.D.N.Y. Mar. 13, 2012) (holding that the plaintiff's questionnaire did not qualify as a charge because she checked the box indicating she wanted to wait and talk to an EEOC employee before deciding whether to file a discrimination charge, not the box indicating she wanted to file a charge).

In this case, the Questionnaire submitted by Plaintiff qualifies as a charge. For the EEOC's intake questionnaire to be considered a charge, it must include the allegation and the charged party's name, and the plaintiff must have checked Box 2 on the form. *See Miller*, 2016 WL 1275066, at *5; *Holowecki*, 552 U.S. at 402. In Plaintiff's Questionnaire, he filled in Defendant's name as the organization he believed he "was discriminated against by," he detailed his experience during Defendant's apprentice program, and he checked Box 2. (Dkt. 11 at 11-19). Therefore, Plaintiff fulfilled the EEOC's requirements as interpreted by *Holowecki*, and his Questionnaire should be deemed a charge. Consequently, Plaintiff's charge was filed on April 6, 2016, well before the July 7, 2016,

deadline. Because Plaintiff's charge was timely filed, Defendant's motion to dismiss is denied, and Plaintiff's claim may proceed.

## III. Plaintiff's Request for Sanctions

The Court next considers Plaintiff's request for sanctions in his memorandum of law in opposition to Defendant's motion to dismiss. (Dkt. 12 at 16). Plaintiff contends Defendant's motion to dismiss is frivolous and neglects key facts and laws. (*Id.*). Plaintiff asks the Court to award attorneys' fees to Plaintiff's counsel and to impose any additional sanctions the Court sees fit. (*Id.*).

Federal Rule of Civil Procedure 11(c)(2) states that "[a] motion for sanctions must be made separately from any other motion . . . . The motion must be served under Rule 5, but it must not be filed [with] the court if the challenged paper . . . is withdrawn . . . within 21 days after service." "The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion." Notes of Advisory Committee on Rules, 1993 Amendment, Fed. R. Civ. P. 11; *see Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) ("The district court's awarding of sanctions against [the party] in contravention of the explicit procedural requirements of Rule 11 was . . . an abuse of discretion."); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (holding the district court abused its discretion when it imposed sanctions because the court "did not take into account [the party's] failure to comply with the . . . procedural requirements of Rule 11").

Notwithstanding the separate motion requirements of Rule 11(c)(2), the Court may also impose sanctions on its own initiative. Fed. R. Civ. P. 11(c)(3). "Sanctions may be—

- 12 -

but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). "Further, even when a district court finds a violation of Rule 11, '[t]he decision whether to impose a sanction . . . is committed to the district court's discretion.'" *Id.* (quoting *Perez v. Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)).

The Court will not award attorneys' fees to Plaintiff's counsel or impose sanctions on Defendant at this time. Plaintiff did not adhere to the procedural requirements of Rule 11, so imposing sanctions in response to Plaintiff's request would be inappropriate. *See Tang*, 290 F.3d at 142; *Hadges*, 48 F.3d at 1328. At this juncture, the Court also declines to impose sanctions on its own initiative in accord with the authority granted by Rule 11(c)(3).

The Court's restraint in this regard should not be misconstrued by Defendant—and more particularly defense counsel—as condoning the pursuit of a motion blatantly lacking in legal merit. Defendant improperly based its motion to dismiss on legal arguments that were not only incorrect, but contrary to well-established legal authority that any practitioner in the area of employment law should know. Further compounding the problem, Defendant's motion and response had numerous errors and incomplete citations,[4] it failed to respond to Plaintiff's arguments about what qualifies as a charge with any legal

---

[4] One such error included stating that Plaintiff filed his Questionnaire in April of 2015, instead of the actual filing year of 2016. (Dkt. 14 at 3). This is particularly egregious for a motion where Defendant argues the claim is time-barred. Another is a citation to the non-existent Federal Rule of Civil Procedure 12(b)(8). (Dkt. 3-1 at 1).

analysis and relied only on conclusory statements without providing a single citation, and it did not so much as address Plaintiff's request for sanctions. (*See* Dkt. 3-1; Dkt. 3-2; Dkt. 3-4; Dkt. 14). In the future, Defendant and its counsel should, in compliance with Rule 11(b), ensure that its filings are consistent with existing law and supported by the evidence of record. The failure to do so may very well result in sanctions.

## **CONCLUSION**

For the foregoing reasons, both Defendant's motion to dismiss (Dkt. 3) and Plaintiff's request for sanctions (Dkt. 12 at 16) are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 21, 2018
Rochester, New York